UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
WAYNE EDWARD JOYNER,                :
                                    :
          Petitioner,               :   Civ. No. 18-3455 (NLH)
                                    :
     v.                             :   OPINION
                                    :
DAVID ORTIZ,                        :
                                    :
          Respondent.               :
_____:

APPEARANCE:
Wayne Edward Joyner, No. 18186083
FCI – Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Wayne Edward Joyner, a prisoner presently incarcerated at the Federal Correctional Institution ("FCI") at Fort Dix, in Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging a sentencing enhancement based on what he alleges is a non-qualifying prior conviction. ECF No. 1, at 2. At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons expressed below, this Court will dismiss the Petition for lack of jurisdiction.

## I. BACKGROUND

Petitioner provides the following pertinent facts related to his Petition: "On November 8, 1972, an indictment was handed up by the grand jurors of the State of Maryland against Wayne Edward Joyner, which set forth crimes alleged to have been committed by Joyner on July 5, 1972." ECF No. 1-4, Pet. at 2. "On November 10, 1972, the case was nolle prosequi." Id. "Simultaneously[,] Wayne Edward Joyner entered a guilty plea to a lesser-included offense." Id. "Decades later, Petitioner appeared before the United States District Court [for the] Eastern District of Virginia, subsequent to being adjudicated guilty for the following Federal offenses[:]" conspiracy to commit bank robbery under 18 U.S.C. § 371; bank robbery under 18 U.S.C. § 2113(a); assault; use of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1) & (2); and possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g) & 924(a)(2). Id. "Subsequent to perusing 'ONLY' the one page available from the 1972 indictment . . ., the United States District Court deemed Joyner a career offender and on July 10, 1992 executed a term of five hundred and sixty two months." Id. Although Petitioner did not directly appeal his conviction or sentence, he did file a motion under 28 U.S.C. 2255 in the District of Virginia, which was denied. Id. at 3-4. "Joyner is

now confined to the Federal Correctional institution at Fort Dix, New Jersey." Id.

In his Petition, Petitioner seeks to challenge not his conviction but his sentencing enhancement that resulted from his prior guilty plea in 1972. See ECF No. 1. Specifically, Plaintiff argues that Johnson v. United States, 135 S. Ct. 2551 (2015), applies to his sentencing and that the Johnson holding may be applied retroactively. ECF No. 1-4, Br. at 4.

**II. DISCUSSION**

**A. Legal Standard**

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schultz,

708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that

4

an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the

5

preponderance of evidence standard). The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claims relate to the purported impropriety of his sentence, not the crimes for which he was convicted. See Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241") (citation omitted); McIntosh v. Shartle, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241") (citation omitted); Johnson v. Scism, 454 F. App'x 87, 88 (3d Cir. 2012) (same); Wyatt v. Warden FCI Fort Dix, No. 17-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017) (finding court lacks jurisdiction under § 2241 when petitioner is challenging his sentencing enhancement under Mathis); Newman v. Kirby, No.

17-4653, 2017 WL 3080729 (D.N.J. July 19, 2017) (same); Coleman v. Kirby, 2017 WL 3332262 (D.N.J. Aug. 4, 2017) (same).

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since he has previously filed a § 2255 petition, Petitioner must seek permission from the United States Court of Appeals for the Fourth Circuit to bring a second or successive petition under 28 U.S.C. § 2255(h) in the Eastern District of Virginia. See 28 U.S.C. §§ 2255(h); 2244. The Court finds that it is not in the interests of justice to transfer this habeas Petition because the Petition appears time-barred. Petitioner is free to file a request to bring a second or successive petition with the Fourth Circuit on his own.

## III. CONCLUSION

For the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. An appropriate order follows.

Dated: March 16, 2018             s/ Noel L. Hillman  
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.